```
                   United States District Court
                     District of Massachusetts
_____
                              )
Daniel P. Woodard,            )
                              )
        Plaintiff/Appellant,  )
                              )
             v.               )   Bankruptcy Appeal No.
                              )   19-30140-NMG
Deutsche Bank National        )
Trust Co., et al.             )
                              )
        Defendants/Appellees. )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is an appeal from an order of the United States Bankruptcy Court for the District of Massachusetts following a two-day trial in the adversary proceeding brought by debtor Daniel Woodard ("Woodard" or "debtor") against Deutsche Bank National Trust Co. ("Deutsche Bank").

## I. Background

In September, 2004, debtor and his wife, Lynne Harrington ("Harrington"), refinanced a mortgage loan encumbering their property in Northfield, Massachusetts ("the Property"). Debtor and Harrington executed a mortgage in favor of Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for

- 1 -

IndyMac Federal Bank F.S.B. ("the Mortgage").  The Mortgage was later assigned to Deutsche Bank.

Debtor and Harrington defaulted on the Mortgage and the Property was sold by foreclosure auction in early 2008.  Shortly thereafter, debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

Debtor subsequently filed an adversary proceeding against Deutsche Bank challenging the foreclosure.  In his complaint, debtor argued that (1) the foreclosure was invalid (Count I); (2) Deutsche Bank committed fraud, deceit and misrepresentation, in violation of Mass. Gen. Laws c. 93A as well as state and federal fair debt collection practice laws (Counts II, III and IV); (3) Deutsche Bank breached its contract by failing to provide proper notice (Count V); and (4) the foreclosure sale constituted a fraudulent transfer of the Property (Count VI).

The case languished while debtor and Deutsche Bank executed a loan modification agreement pursuant to which Deutsche Bank agreed to write off approximately $202,700 of the total amount owed by debtor.  In August, 2017, the Bankruptcy Court issued a notice of inactivity.  In response, debtor indicated that the case had been settled but ultimately took the position that the loan modification did not resolve all claims raised in his

adversary proceeding.  The Bankruptcy Court agreed and convened a two-day trial relating to debtor's pending claims.

The Bankruptcy Court issued its judgment in October, 2019. On Count I, the court held that the foreclosure sale was invalid because the Mortgage had not yet been assigned to Deutsche Bank when the initial foreclosure notices were sent to debtor and Harrington.  The court concluded that title to the Property remains in the name of debtor and Harrington, subject to Deutsche Bank's Mortgage and entered judgment in debtor's favor.

As to the remaining counts, the Bankruptcy Court held that debtor failed to proffer any evidence at trial in support of his claims.  The court further found that monetary damages were not warranted because (1) any damages were exacerbated by debtor's "dilatory conduct" in prosecuting his own case and (2) debtor conceded that Deutsche Bank's forgiveness of approximately $202,000 of debt by operation of the 2015 loan modification was sufficient compensation for damages caused by the illegitimate foreclosure.

## II.  Analysis

A district court conducts its review of a bankruptcy court decision "in the same manner" as the court of appeals reviews a district court's decision. Casco Northern Bank v. DN Assocs., 3

F.3d 512, 525 (1st Cir. 1993).  The legal conclusions of a bankruptcy judge are reviewed de novo and factual findings are reviewed for clear error. Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 978 (1st Cir. 1995).  A district court should give "considerable deference" to the factual determinations and discretionary judgment of a bankruptcy judge. Casco Northern Bank, 3 F.3d at 525.  Mixed questions of law and fact are reviewed "for clear error unless [a bankruptcy court's] analysis was infected by legal error." In re SW Boston Hotel Venture, LLC, 748 F.393, 402 (1st Cir. 2014).  The findings of a bankruptcy court are clearly erroneous if "after a review of the entire record", the district court is "left with the definite and firm conviction that a mistake has been committed." In re R&R Assocs. of Hampton, 402 F.3d 257, 264 (1st Cir. 2005).

    In this adversary proceeding, the Bankruptcy Court held that debtor failed to proffer at trial any evidence in support of his arguments in Counts II through VI.  According to the Bankruptcy Judge, debtor failed to present any evidence to substantiate his claims of misrepresentation, fraud, deceit, breach of contract and fraudulent transfer.  Instead the evidence presented by the debtor at trial focused on damages he allegedly sustained which he then conceded were remedied by the loan modification.

Although debtor outlines the legal elements of each of the claims in Counts II through VI in his briefing, he fails to identify any "clear error" made by the Bankruptcy Court in reaching its evidentiary rulings.  For example, he fails to denote any evidence that he presented at trial that the Bankruptcy Court misinterpreted, overlooked or failed to consider.  Affording the evidentiary rulings and discretionary judgment of the Bankruptcy Court the considerable deference due, this Court concludes that debtor has failed to meet his burden of demonstrating clear error on the part of the Bankruptcy Court in concluding that the scant evidence proffered by debtor was insufficient to support his allegations in Counts II through VI.  Accordingly, the decision of the Bankruptcy Court will be affirmed.

**ORDER**

For the foregoing reasons, the decision of the Bankruptcy Court is **AFFIRMED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 5, 2020